UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH KNIGHT,

        Petitioner,

  -against-

WILLIAM PHILLIPS,
Superintendent,

        Respondent.
------------------------------------------------------------X
KEITH KNIGHT,

        Petitioner,

  -against-

WILLIAM PHILLIPS,
Superintendent,

        Respondent.
------------------------------------------------------------X

05-CV-2749 (NG)

05-CV-2758 (NG)

GERSHON, United States District Judge:

## MEMORANDUM AND ORDER

Petitioner, Keith Knight, brings two *pro se* petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Together with his petitions, petitioner filed a letter requesting that these actions be stayed and held in abeyance to permit petitioner to exhaust an ineffective assistance of trial counsel claim that petitioner "recently" filed, and an ineffective assistance of appellate counsel claim that petitioner intends to file in State court. For the reasons set forth below, petitioner is directed to show "good cause" why this Court should stay these actions.

Background

In 1994, a grand jury indicted petitioner on several counts of robbery in the first degree, burglary in the first degree and other, lesser offense in connection with two separate incidents.

Sometime thereafter, the Supreme Court of the State of New York, Kings County, severed the counts relating to the first incident from the counts relating to the second incident and ordered separate trials with respect to each of the two incidents.

During court proceedings relating to the first incident, petitioner successfully moved to have The Legal Aid Society relieved as counsel. Then, after becoming dissatisfied with the cross-examination conducted by his newly appointed 18-B counsel at a pre-trial hearing, petitioner insisted on representing himself at trial. Petitioner was convicted of two counts of burglary in the first degree and one count each of robbery in the first degree and robbery in the second degree. On October 31, 1995, he was sentenced to three concurrent terms of 25 years to life imprisonment.

Petitioner also represented himself at the second trial. In December 1995, petitioner was convicted by a jury of an additional count of robbery in the first degree and was sentenced to another term of 25 years to life imprisonment, consecutive to the terms imposed in the previous case.

Petitioner appealed both convictions to the Supreme Court, Appellate Division. In challenging his first conviction, petitioner argued, <u>inter alia</u>, that both the Legal Aid attorney who had represented him initially and the 18-B attorney who had represented him thereafter had provided ineffective assistance of counsel. Petitioner did not raise an ineffective assistance claim upon his appeal of the second conviction.

In a single order dated November 3, 2003, the Appellate Division, Second Department, affirmed both convictions. The Appellate Division did not specifically address petitioner's claims of ineffective assistance, except to indicate that these claims – like other claims the Court

had not specifically addressed – were "without merit." People v. Knight, 1 A.D.3d 379, 380, 766 N.Y.S.2d 867, 867 (2d Dept. 2003). Petitioner then sought leave to appeal to the Court of Appeals, raising the same ineffective assistance arguments petitioner had made to the Appellate Division. The Court of Appeals denied leave to appeal on February 25, 2004, People v. Knight, 1 N.Y.3d 630, 777 N.Y.S.2d 28 (2004), and petitioner did not seek a writ of certiorari.

In late May 2005, petitioner filed the instant petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. The petition relating to the October 1995 conviction – which was filed under Docket No. 05-CV-2758 (NG) and is hereinafter referred to as Petition #1– raises four grounds for relief, two of which allege ineffective assistance of trial counsel. This petition alleges that petitioner's Legal Aid attorney "failed to inform [him] that the prosecutor had enhanced charges against him at the grand jury" and persuaded him "to withdraw his motion to testify before the grand jury"; that the 18-B attorney failed to "adequately prepare for trial" and to "advise petitioner of the dangers of self-representation"; and that both attorneys "failed to preserve and protect petitioner's statutory speedy trial rights." Petition #1, ¶ 12.

The petition relating to the December 1995 conviction – which was filed under Docket No. 05-CV-2749 (NG) and is hereinafter referred to as Petition #2 – does not raise ineffective assistance of trial counsel as a ground for relief. However, both petitions allege that petitioner has a motion pursuant to New York Criminal Procedure Law ("C.P.L.") § 440 "currently pending" in Kings County Supreme Court, in which petitioner is contending that trial counsel rendered ineffective assistance by failing to properly advise petitioner regarding unspecified "plea offers." Petition #1, ¶ 11; Petition #2, ¶ 11. Although petitioner has alleged, by checking boxes in paragraph 10 of each petition, that the § 440 motion relates to both convictions, the absence of ineffective assistance claims in Petition #2 casts doubt on this allegation.

3

Along with his petitions, petitioner filed a letter dated May 23, 2005, in which he indicated that he had filed his § 440 motion that same day and was planning to petition for a writ of coram nobis in the Supreme Court, Appellate Division, alleging ineffective assistance of appellate counsel. Although the letter did not indicate whether the just-filed § 440 motion or the prospective petition for a writ of error coram nobis related to one or both of the instant habeas petitions, petitioner requested that both petitions be held "in abeyance until the State Courts render a final decision" on the § 440 motion. Petitioner's letter dated May 23, 2005, p. 1. However, the letter did not set forth "good cause" for staying either of these actions.

Discussion

Until recently, stays of the sort that petitioner seeks were routinely granted in this Circuit pursuant to Zarvela v. Artuz, 254 F.3d 374, 481 (2d Cir. 2001). However, on March 30, 2005 – about two months before petitioner filed the instant habeas petitions – the Supreme Court imposed new restrictions with respect to the use of the "stay and abeyance" procedure. In Rhines v. Weber, ___U.S.___, 125 S.Ct. 1528 (2005), the Supreme Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." Id., 125 S.Ct. at 1535. Specifically, the Supreme Court held that a stay should be granted only if a petitioner can show "good cause" for failing to exhaust all available State remedies earlier and, even then, only if the unexhausted claims are not "plainly meritless." Id.

Petitioner's May 23, 2005, letter does not demonstrate or even allege "good cause." Moreover, petitioner's submissions provide no details concerning the factual or legal basis for petitioner's § 440 motion or his prospective petition for a writ of error coram nobis, making it

4

impossible to assess the merits of the unexhausted ineffective assistance claims. Indeed, petitioner's descriptions of the § 440 motion and coram nobis petition are so minimal that this Court cannot even ascertain whether these submissions relate to both habeas petitions or just to Petition #1.

Therefore, petitioner is directed to file an affirmation to address these deficiencies in his stay application. That affirmation shall explain why petitioner failed to exhaust his ineffective assistance claims earlier. See Rhines, 125 S.Ct. at 1535. In addition, petitioner's affirmation must explain the factual and legal basis for the ineffective assistance claims which petitioner raised in his § 440 motion and intends to raise in his petition for a writ of error coram nobis, and must indicate whether these claims relate to one or both of the instant habeas petitions.

Conclusion

Petitioner is directed to file within thirty (30) days of the date of this Order an affirmation demonstrating "good cause" for his failure to raise previously the ineffective assistance claims he is now raising, or intends to raise, in State court.[1] These actions shall be stayed for thirty (30) days or until petitioner's affirmation is received, whichever occurs sooner. If petitioner's affirmation is not received within the thirty (30) day period provided herein, petitioner's application for a stay shall be denied.

SO ORDERED.

/s/
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
October 11, 2005

---

[1] For petitioner's convenience, an affirmation form is attached.

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEITH KNIGHT,

                Petitioner,

   -against-

WILLIAM PHILLIPS,
Superintendent,

                Respondent.
----------------------------------------------------------x
KEITH KNIGHT,

                Petitioner,

   -against-

WILLIAM PHILLIPS,
Superintendent,

                Respondent.
----------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

05-CV-2749 (NG)

05-CV-2758 (NG)

STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____   }

      I, KEITH KNIGHT, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in the above-entitled actions and I respectfully submit this affirmation in response to the Court's order dated _____, 2005.

2.    I filed a motion pursuant to New York Criminal Procedure Law § 440 in the New York Supreme Court, Kings County, on May 23, 2005. That motion, which is currently _____ _____, asserts that my trial counsel, _____, provided ineffective assistance of counsel by _____ _____ _____

_____

_____

_____

[ATTACH ADDITIONAL PAGES IF NECESSARY]

[CROSS OUT ONE OF THE FOLLOWING PARAGRAPH 3's]

3.   I intend to raise this ineffective assistance of trial counsel claim as a ground for relief in both of my pending habeas cases.

OR

3.   I intend to raise this ineffective assistance of trial counsel claim as a ground for relief in only one of my pending habeas cases: Docket Number 05-CV-_____.

4.   I also intend to file a petition for a writ of error coram nobis, alleging that my appellate counsel, _____, provided ineffective assistance of counsel by

_____

_____

_____

_____

_____

_____

_____

_____

[ATTACH ADDITIONAL PAGES IF NECESSARY]

[CROSS OUT ONE OF THE FOLLOWING PARAGRAPH 5's]

5.   I intend to raise this ineffective assistance of appellate counsel claim as a ground for relief in both of my pending habeas cases.

OR

5.   I intend to raise this ineffective assistance of appellate counsel claim as a ground for relief in only one of my pending habeas cases: Docket Number 05-CV-_____.

6.   Since these ineffective assistance claims are not exhausted, I request that the Court stay the following action(s) – Docket No(s). _____ – pursuant to Rhines v. Weber, ___U.S.___, 125 S.Ct. 1528 (2005). I respectfully submit that I have good cause for failing to exhaust my ineffective assistance claims sooner because _____

_____

_____

_____

_____

_____

[ATTACH ADDITIONAL PAGES, IF NECESSARY]

Dated: _____                                      _____
                                                        KEITH KNIGHT (Signature)

                                                        _____
                                                        Address

                                                        _____
                                                        City, State & ZIP