UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEITH KNIGHT,

                      Petitioner,

-against-

WILLIAMS PHILLIPS, Superintendent,

                      Respondent.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
KEITH KNIGHT,

                      Petitioner,

-against-

WILLIAMS PHILLIPS, Superintendent,

                      Respondent.
-----------------------------------------------------------------X

05-CV-2749 (NG)

05-CV-2758 (NG)

**GERSHON, United States District Judge:**

## MEMORANDUM AND ORDER

In May 2005, petitioner, pro se, Keith Knight, timely filed these two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Together with his petitions, petitioner filed a letter requesting that these petitions be stayed and held in abeyance to permit petitioner to exhaust (i) an ineffective assistance of trial counsel claim which he had recently filed and (ii) an ineffective assistance of appellate counsel claim which he intended to file in State court. By order dated January 18, 2006, the Court denied petitioner's request to stay the petitions but offered petitioner the opportunity to delete the unexhausted grounds and proceed on the exhausted grounds alone if petitioner notified the Court within 30 days. Instead, by letter dated February 15, 2006, petitioner seeks reconsideration of the Court's order denying the stay of these two habeas petitions.

## BACKGROUND

A. Instant Petitions

At the outset, the Court finds that some confusion has been created by the submission of two separate habeas petitions challenging two separate Kings County convictions. The petitioner was tried before two separate juries, but the Appellate Division affirmed both convictions in a single opinion, see People v. Knight, 1 A.D.3d 379 (2d Dep't 2003), as did the New York Court of Appeals, People v. Knight, 1 N.Y.3d 630 (2004).

In the petition filed under docket number 05-CV-2749, petitioner challenges a conviction entered on December 17, 1995 for burglary in the first degree. He raises one ground: petitioner was denied his constitutional right to a fair and impartial trial. Petition, 05-CV-2749 at 5. In the petition filed under docket number 05-CV-2758, petitioner challenges a conviction entered on October 31, 1995 for robbery in the first degree and two counts of burglary in the first degree. He raises four grounds: (1) petitioner was denied his constitutional right to the effective assistance of counsel by his Legal Aid Attorney; (2) petitioner was denied his constitutional right to the effective assistance of counsel by his 18-b attorney; (3) petitioner was denied his constitutional right to a fair and impartial trial; (4) petitioner was denied his constitutional right to the effective assistance of appellate counsel on direct appeal. Petition, 05-CV-2758 at 5-6.

B. 440 Motion

In both petitions, Knight filed a post-conviction motion under New York Criminal Procedure Law § 440 ("440 motion") alleging the ineffective assistance of counsel for failure to advise him on plea offers, see Petition, 05-CV-2749 at 3; Petition, 05-CV-2758 at 3, which was pending at the time he submitted both petitions to this Court. Petitioner seeks to stay these petitions until the State courts issue its final decision on this 440 motion.

C. Reconsideration

Upon reconsideration and closer review of the instant petitions, the Court finds that the petitions are not mixed petitions requiring either dismissal without prejudice under Rose v. Lundy, 455 U.S. 509, 510 (1982) or a stay for good cause under Rhines v. Weber, 125 S.Ct. 1528 (2005) as previously considered in the January Order. Petitioner does not raise the issue presented in the 440 motion, i.e., ineffective assistance of counsel for failure to advise petitioner of plea offers, as a separate ground for federal review in either petition.[1] While the Court could infer that petitioner would later seek to amend the petition to include this ground, once a final decision has been issued, petitioner has not done so and therefore the Court will not rule on this issue. Petitioner's request for reconsideration is denied as there is no good cause to hold either petition in abeyance at this time.

Having concluded that the petitions should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, it is

**ORDERED**, that the respondent file complete and entire answers or other pleadings to the instant petitions within sixty (60) days, and it is further

**ORDERED**, that pursuant to Rule 5 of the Rules Governing Section 2254 respondent shall address in the separate answers whether petitioner has exhausted state remedies, and it is further

**ORDERED**, that the respondent submit to my chambers with both answers, copies of the trial transcript, State court briefs and supporting papers of both the People and the defendant on direct appeal and on any post-trial motions or motions brought in any collateral proceeding, and on any appeals of such motions, as well as copies of any orders disposing of any motions,

---

[1] As for petitioner's *intention* to file an application for a writ of error coram nobis in State court, this Court will not consider any issues which have not yet been presented to the State court.

3

**OR A SWORN DETAILED STATEMENT AS TO WHY ALL OF THESE DOCUMENTS ARE NOT BEING SUBMITTED**, and it is further

**ORDERED**, pursuant to Rule 4, that the Clerk of Court serve copies of this Order and the petitions for a writ of habeas corpus by certified mail upon the Attorney General of the State of New York and the District Attorney for Kings County, and it is further

**ORDERED**, that the Clerk of Court shall change the designation on Petition 05-CV-2758 to name the same Magistrate Judge as on the petition bearing the lower docket number.

**NINA GERSHON**
**United States District Judge**

Dated: April 7, 2006
Brooklyn, New York